# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | **CHAPTER 7** |
| **NEWSTARCOM HOLDINGS, INC.**, *et al.* | Case No. 08-10108 (CSS) |
| Debtors, | |
| **GEORGE L. MILLER, Chapter 7 Trustee of the Estates of NewStarcom Holdings, Inc.**, *et al.*, | Adversary Proceeding No. 10-50063 (CSS) |
| Plaintiff, | |
| v. | |
| **AMERICAN CAPITAL, LTD.**, *et al.*, | |
| Defendants. | |

---

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF THE MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON THE MOTION OF MATCO DEFENDANTS FOR SUMMARY JUDGMENT AND/OR TO TAKE JUDICIAL NOTICE OF DEBTOR NSC HOLDINGS, INC.'S BANKRUPTCY SCHEDULES**

**KAUFMAN, COREN & RESS, P.C.**
STEVEN M. COREN, ESQ.
DOUGLAS EVAN RESS, ESQ.
EVAN B. COREN, ESQ.
Two Commerce, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Tel: (215) 735-8700
Fax: (215) 735-5170

**FLASTER/GREENBURG, P.C.**
WILLIAM J. BURNETT, ESQ. (No. 4078)
913 N. Market Street, Suite 1002
Wilmington, DE 19801
Tel: (302) 351-1910
Fax: (302) 351-1919

*Counsel for George L. Miller, as Chapter 7*
*Trustee for the Estates of Newstarcom Holdings, Inc. et al.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.     Courts Regularly Grant Leave to Supplement the Record When A Fact Outside the Record May Impact A Pending Summary Judgment Motion. . . . . . . . . . . . . 2

        B.     The Court Should Take Judicial Notice of the Debtor's Schedules. . . . . . . . . . . 3

IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*In re RNI Wind Down Corp.*, No. 06-10110 (CSS), 2008 WL 4326483
(D. Del. Sept. 22, 2008) ........................................................ 4

*Hamilton v. Spriggle*, 965 F. Supp. 2d 550 (M.D. Pa. 2013) ........................ 4

*In re Chavannes*, No. 13-18075REF, 2014 WL 1917681 (Bankr. E.D. Pa. May 13, 2014) ..... 4

*In re Jester*, 344 B.R. 331 (Bankr. E.D. Pa. 2006) .................................... 4

*Leese v. Martin,* No. CIV. 11-5091 JBS/AMD, 2013 WL 5476415 (D. N.J. Sept. 30, 2013) ... 3

*Peninsula Advisors, LLC v. Fairstar Res. Ltd.*, No. CV 10-489-LPS, 2014 WL 491671
(D. Del. Feb. 5, 2014) ........................................................ 2, 3

*Tobyhanna Conservation Ass'n v. Country Place Waste Treatment Facility*,
769 F. Supp. 739 (M.D. Pa. 1991). ............................................... 3

**FEDERAL RULES**

Fed. R. Evid. 201(c)(2) ........................................................ 3

Fed. R. Bankr. P. 9017 ........................................................ 3, 4

# I.  **INTRODUCTION**

Plaintiff George L. Miller, Chapter 7 Trustee for the Debtors, NewStarcom Holdings, Inc., *et al.*[1], seeks the entry of an order, granting leave for the Trustee to supplement the record in connection with the Motion of Matco Defendants for Summary Judgment [D.I. 159] to include a copy of Debtor, NSC's Bankruptcy Schedules, and/or taking judicial notice of Debtor, NSC's Bankruptcy Schedules.[2]

The New Matco Defendants contend that they are entitled to assert the defense of *in pari delicto* in connection with their Motion for Summary Judgment.  In their Reply Brief [D.I. 184] in support of the Motion for Summary Judgment, the New Matco Defendants state:

> [T]he Trustee correctly notes that under *In Re Am. Int'l Grp., Inc., supra*, 976 A.2d at 872, 'the doctrine [of *in pari delicto*] does not have force in a suit by a corporation against its own officers or employees.'  However, he incorrectly concludes that this rule applies because the Matco Defendants were officers of a subsidiary of the Debtor.

*Id.* at 7.

Contrary to the New Matco Defendants' claims, New Matco Defendant Ron Barber was an officer of Debtor NSC.  As set forth in the Debtor NSC's Bankruptcy Schedules, Ron Barber was Vice President of that very Debtor.  *See id.* at SOFA Exhibit 21 & 22b. (stating, under penalty of perjury, that Ron Barber was "VP" of NSC).[3]  Therefore, it is beyond dispute that New Matco Defendant Ron Barber may not assert the defense of *in pari delicto* against the Debtor

---

[1]      The Debtors are NewStarcom Holdings, Inc., ("NHI"), NSC Holdings, Inc. ("NSC"), Constar International, Inc. ("Constar") and Port City Electric, Inc. ("Port City") (each a "Debtor" and collectively the "Debtors" or "NewStarcom").

[2]      (the "Motion").

[3]      A true and correct copy of Debtor NSC Holdings, Inc.'s Bankruptcy Schedules is attached hereto as Exhibit A.

1

because he was an officer of the Debtor.[4]

Accordingly, the Court should grant leave for the Trustee to supplement the record in connection with the Motion of Matco Defendants for Summary Judgment to include a copy of Debtor, NSC's Bankruptcy Schedules, and/or the Court should take judicial notice of Debtor, NSC's Bankruptcy Schedules. Courts in the Third Circuit regularly grant motions to supplement a record when, as here, a fact outside the record may impact the ruling on a pending motion for summary judgment. Moreover, it is well-settled that courts may take judicial notice of the Debtor's Schedules.

The Motion should be granted.

## II.    PROCEDURAL HISTORY

The New Matco Defendants filed for summary judgment on February 13, 2015. The parties stipulated to various extensions of briefing deadlines. *See* D.I. 165, 170, 176. Briefing on the Motion of Matco Defendants for Summary Judgment closed on June 3, 2015. *See* D.I. 184. On June 8, 2015, the New Matco Defendants requested oral argument with respect to their summary judgment motion.

## III.   ARGUMENT

### A.    Courts Regularly Grant Leave to Supplement the Record When A Fact Outside the Record May Impact A Pending Summary Judgment Motion.

"A court has discretion to grant leave to supplement the record of a case." *Peninsula Advisors, LLC v. Fairstar Res. Ltd.*, No. CV 10-489-LPS, 2014 WL 491671, at *4 (D. Del. Feb. 5, 2014) (internal quotation omitted). Courts in the Third Circuit readily grant motions to

---

[4]      Debtor NSC's Bankruptcy Schedules were not attached to the Trustee's Memorandum of Law in Opposition to the Motion of Matco Defendants for Summary Judgment.

supplement a record in connection with a pending summary judgment motion when, as here, a

fact outside the record may impact the court's ruling. *See, e.g., Leese v. Martin,* No. CIV.

11-5091 JBS/AMD, 2013 WL 5476415, at *12-*13 (D. N.J. Sept. 30, 2013) (granting plaintiff's

motion for leave to supplement summary judgment record in part, because it was "highly

probable that Plaintiffs could create a genuine issue of material fact" with proposed supplemental

evidence).[5]  Indeed, "the Third Circuit has indicated that a motion to supplement the summary

judgment record may be granted when the new material is not merely cumulative of evidence

already in the record and if the new material creates a new question of material fact that may

impact the ruling on the pending motion for summary judgment." *Id.*

Here, there is no question that consideration of Debtor NSC's Bankruptcy Schedules

creates a question of material fact that may impact the Court's ruling on the pending motion for

summary judgment.  The New Matco Defendants concede that an officer of the Debtor may not

assert an *in pari delicto* defense, and Debtor NSC's Bankruptcy Schedules reveal that New

Matco Defendant Ron Barber was an officer of Debtor NSC.  Therefore, the Court should grant

the Trustee leave to supplement the summary judgment record with Debtor NSC's Bankruptcy

Schedules.

**B.**     **The Court Should Take Judicial Notice of the Debtor's Schedules.**

A Court "must take judicial notice if a party requests it and the court is supplied with the

necessary information." Fed. R. Evid. 201(c)(2) (incorporated into bankruptcy cases by Fed. R.

---

[5]     *See also, Peninsula Advisors,* No. CV 10-489-LPS, 2014 WL 491671, at *3
(granting motion to supplement summary judgment record approximately eight months after
hearing on summary judgment motions to include court order in related proceeding); *Tobyhanna
Conservation Ass'n v. Country Place Waste Treatment Facility,* 769 F. Supp. 739, 746 (M.D. Pa.
1991).

Bankr. P. 9017). It is well-settled that courts take judicial notice "of the docket entries and the bankruptcy petition, schedules, and statement of financial affairs filed in this case." *See In re Chavannes*, No. 13-18075REF, 2014 WL 1917681, at *5 (Bankr. E.D. Pa. May 13, 2014) (*citing Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1200 n. 3 (3d Cir.1991)); *see also, In re Jester*, 344 B.R. 331, 339-40 (Bankr. E.D. Pa. 2006) (*citing In re Indian Palms Assoc.*, 61 F.3d 197, 205 (3d Cir.1995)) (courts "may take judicial notice of the Debtor's Schedules filed under penalty of perjury."). The court "may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(f). Moreover, no prejudice results from taking judicial notice of docket entries in related proceedings. *See In re RNI Wind Down Corp.*, No. 06-10110 (CSS), 2008 WL 4326483, at *2 (D. Del. Sept. 22, 2008).

Even when it may be improper to supplement the record with certain evidence in connection with a pending summary judgment motion, courts readily take judicial notice of relevant documents. *See, e.g., Hamilton v. Spriggle*, 965 F. Supp. 2d 550, 566 (M.D. Pa. 2013) (granting in part motion to supplement record, after motions for summary judgment were ripe but not yet disposed of, to take judicial notice of document).

Simply stated, the court should take judicial notice of Debtor NSC's Bankruptcy Schedules so that it may truly decide the pending summary judgment motion on the merits.

## IV.   <u>CONCLUSION</u>

In light of the foregoing facts and authorities, the Motion should be granted.

*[Signature page follows]*

Respectfully submitted,

/s/ William J. Burnett
William J. Burnett, Esq. (DE No. 4078)
**FLASTER/GREENBERG, P.C.**

-and-

Steven M. Coren, Esq.
Douglas Evan Ress, Esq.
Evan B. Coren, Esq.
**KAUFMAN, COREN & RESS, P.C.**

*Counsel for George L. Miller, as Chapter 7 Trustee*
*for the Estates of Newstarcom Holdings, Inc. et al.*

Dated: June 12, 2015

## CERTIFICATE OF SERVICE

I, Steven M. Coren, Esquire, hereby certify that I caused a true and correct copy of Plaintiff's Motion for Leave to Supplement the Record on the Motion of Matco Defendants for Summary Judgment And/Or to Take Judicial Notice of Debtor NSC Holdings, Inc.'s Bankruptcy Schedules, to be served on June 12, 2015, upon Defendants' counsel by First-Class Mail and Email to:

Robert J. Stearn, Jr., Esquire
Robert C. Maddox, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
stearn@rlf.com
maddox@rlf.com
*Counsel for American Capital, Ltd., Steven Price,*
*Gordon O'Brien, Mark Fikse and Craig Moore*

David B. Bergman, Esquire
Arnold & Porter, LLP
555 Twelfth Street, N.W.
Washington, DC 20004
David.Bergman@aporter.com
*Counsel for American Capital, Ltd., Steven Price,*
*Gordon O'Brien, Mark Fikse and Craig Moore*

Ricardo Palacio, Esquire
Benjamin W. Keenan, Esquire
Ashby & Geddes, P.A.
P.O. Box 1150
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
RPalacio@ashby-geddes.com
BKeenan@ashby-geddes.com
*Counsel for Matco Electric Corp. f/k/a Matco Associates, Inc.,*
*Ronald Barber, Mark Freije and Kenneth Elliott*

Harvey D. Mervis, Esquire
Amy Shapiro, Esquire
Hinman, Howard & Kattell, LLP
700 Security Mutual Bldg.
80 Exchange Street
Binghamton, NY 13902
hmervis@hhk.com
ashapiro@hhk.com
*Counsel for Matco Electric Corp. f/k/a Matco Associates, Inc.,*
*Ronald Barber, Mark Freije and Kenneth Elliott*

STEVEN M. COREN

DATE: June 12, 2015

# EXHIBIT A

Official Form 6 – Declaration (10/06)

In re:  **NSC Holdings, Inc.**                         Case No.  08-10109
              **Debtor**                                         (if known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the following summary and schedules, consisting of _____ sheets *(total shown on summary page plus 2)*, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____      Signature _____
                                                                      Debtor

Date _____      Signature _____
                                                                (Joint Debtor, if any)

                                         [If joint case, both spouses must sign]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b) and 110(h) and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____             Social Security No.
Printed or Typed Name and Title, if any,          *(Required by 11 U.S.C. §110.)*
Of Bankruptcy Petition Preparer

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person or partner who signs the document.*

_____
_____
_____
Address

X _____             _____
  Signature of Bankruptcy Petition Preparer                        Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual.

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, Steven Price, the Chairman of the Board of Directors of NSC Holdings, Inc., named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets *(total shown on summary page plus 1)*, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **1-25-2008**                                Signature: _____

                                                         Steven Price, Chairman
                                                         [Print or type name of individual signing on behalf of debtor]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*

B6 Summary (Official Form 6 – Summary) (12/07)

# UNITED STATES BANKRUPTCY COURT

In re:___NSC Holdings, Inc._____                              Case No._____08-10109_____
                Debtor

                                      Chapter _7_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11 or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
| --- | --- | --- | --- | --- | --- |
| | | | ASSETS | LIABILITIES | OTHER |
| A – Real Property | Yes | 1 | $0.00 | | |
| B – Personal Property | Yes | 3 | $6,945,035.38 | | |
| C – Property Claimed as Exempt | No | 0 | | | |
| D – Creditors Holding Secured Claims | Yes | 1 | | $5,791,705.08 | |
| E – Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $0.00 | |
| F – Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $0.00 | |
| G – Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H – Codebtors | Yes | 1 | | | |
| I – Current Income of Individual Debtors(s) | No | 0 | | | $ |
| J – Current Expenditures of Individual Debtor(s) | No | 0 | | | $ |
| | | 10 | $6,945,035.38 | $5,791,705.08 | |

B6A (Official Form 6A) (12/07)

In re  NSC Holdings, INc.                              ,          Case No. ___08-10109___
                    **Debtor**                                                          **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |

Total➤

(Report also on Summary of Schedules.)

In re ___NSC Holdings, Inc._____         Case No. ___08-10109_____
        **Debtor**                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

      Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

      **Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Citizens Bank Account #113642-753-5 | | $ 0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

In re   **NSC Holdings, Inc.**            Case No.   **08-10109**
         **Debtor**                                      **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 100% of Constar International, Inc. 100% of Port City Electric Company | | $6,945,035.38 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

In re    NSC Holdings, Inc.                                          Case No.    08-10109
                    Debtor                                                                (If known)

# SCHEDULE B -PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

                                      0    continuation sheets attached    Total ►   $6,945,035.38
                                      (Include amounts from any continuation
                                      sheets attached. Report total also on
                                      Summary of Schedules.)

B 6D (Official Form 6D) (12/07)

In re **NSC Holdings, Inc.** ,                    Case No. _____
                    **Debtor**                                              **(If known)**

# SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above) | CO-DEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>American Capital Strategies, Ltd.<br>2 Bethesda Metro Center, 14th Floor<br>Bethesda, MD 20814 | | | June 1, 2007<br>All assets of Debtor<br>VALUE: Unknown | | | | $1,707,274.00 | |
| ACCOUNT NO.<br>Citizens Bank<br>1200 Hancock Street<br>Quincy, MA 02169 | X | | September 3, 2004<br>All assets of Debtor<br>VALUE: Unknown | | | | $4,084,431.08 | |
| ACCOUNT NO.<br> | | | VALUE $ | | | | | |
| | | | Subtotal ▶<br>(Total of this page) | | | | $5,791,705.08 | |
| | | | Total ▶<br>(Use only on last page) | | | | $5,791,705.08 | |

___0___ Continuation sheets attached

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B 6E (Official Form 6E) (12/07)

In re    <u>NSC Holdings, Inc.</u>                                                    Case No. ____<u>08-10109</u>_____
                              **Debtor**                                                                        **(If known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primary consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[X]    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ]    **Domestic Support Obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ]    **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

[ ]    **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]    **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

B 6E (Official Form 6E) (12/07) – Cont.

In re    __NSC Holdings, Inc._____,          Case No. ____08-10109_____
                        **Debtor**                                              **(If known)**


☐        **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐        **Deposits by individuals**

   Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐        **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐        **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐        **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).


* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.


___0__ continuation sheets attached

B 6F (Official Form 6F) (12/07)

In re __NSC Holdings, Inc._____,          Case No. ____08-10109_____
                    Debtor                                                      (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[X]     Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CO-DEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

__0__ continuation sheets attached

Subtotal ▶

Total ▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re   NSC Holdings, Inc.                                    ,          Case No.    08-10109
                    **Debtor**                                                              **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed.R. Bankr. P. 1007(m).

☒   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.   STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

In re __NSC Holdings, Inc._____ , 　　Case No.___08-10109_____
　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　(if known)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. Bankr. P. 1007(m).

☐　　Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| NewStarcom Holdings, Inc.<br>661 Pleasant Street<br>Norwood, MA 02062<br><br>Constar International, Inc.<br>661 Pleasant Street<br>Norwood, MA 02062<br><br>Port City Electric Company<br>2550 Charlotte Highway<br>Mooresville, NC 28115 | Citizens Bank<br>1200 Hancock Street<br>Quincy, MA 02169 |

B7 (Official Form 7) (12/07)

# UNITED STATES BANKRUPTCY COURT

In re: ____NSC Holding, Inc._____,     Case No.___08-10109_____
               Debtor                                                  (if known)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. "See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19- 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

### 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

           AMOUNT                                  SOURCE

| | AMOUNT | SOURCE |
|---|---|---|
| 3/31/05-3/31/06 | None | |
| 3/31/06-3/31/07 | None | |
| 3/31/07-date | ($252,466.00) | Operation of Debtor's business |

### 2. Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                          SOURCE

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
☑

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

None
☑

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
| --- | --- | --- | --- |

None
☐

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |
| American Capital Strategies, Ltd. 2 Bethesda Metro Center, 14th Floor Bethesda, MD 20814 (Shareholder) | 2007 | $200,000.00 | None |

**4.    Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

See attached Exhibit "SOFA Exhibit 4a"

None
☑

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5.    Repossessions, foreclosures and returns**

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6.    Assignments and receiverships**

None
☑

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7.  Gifts**

None      List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case
☑        except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member
          and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or
          chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless
          the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| | | | |

**8.  Losses**

None      List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement
☑        of this case **or since the commencement of this case.**  (Married debtors filing under chapter 12 or chapter 13 must
          include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
          joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| | | |

**9.  Payments related to debt counseling or bankruptcy**

None      List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for
☐        consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy
          within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Cross & Simon, LLC 913 North Market Street, 11th Floor Wilmington, DE 19801 | 11/27/07 | $5,000.00 |

**10.  Other transfers**

None      a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the
☑        debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this
          case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or
          not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| | | |

4

None
☑
    b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

### 11. Closed financial accounts

None
☑
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

### 12. Safe deposit boxes

None
☑
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

### 13. Setoffs

None
☑
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

5

**14.  Property held for another person**

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS | DESCRIPTION AND | LOCATION OF |
| OF OWNER | VALUE OF PROPERTY | PROPERTY |

---

**15.  Prior address of debtor**

None
☑

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |

---

**16.  Spouses and Former Spouses**

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17.  Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☑

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME | NAME AND ADDRESS | DATE OF | ENVIRONMENTAL |
| AND ADDRESS | OF GOVERNMENTAL UNIT | NOTICE | LAW |

6

None    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of
☑    Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with
☑    respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a
party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18.  Nature, location and name of business**

None    a.  *If the debtor is an individual,* list the names, addresses, taxpayer identification numbers, nature of the businesses,
☑    and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing
executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or
other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in
which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the
commencement of this case.

     *If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses,
and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of
the voting or equity securities, within **six years** immediately preceding the commencement of this case.

     *If the debtor is a corporation,* list the names, addresses, taxpayer identification numbers, nature of the businesses,
and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of
the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER ID. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None    b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11
☑    U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

---

7

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19.  Books, records and financial statements

None    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case
☐      kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Thomas R. Anderson | June 2007 through November 2007 |

None    b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy
☑      case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of
☑      account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
☑      financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

---

### 20.  Inventories

None    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking
☑      of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None  b.  List the name and address of the person having possession of the records of each of the inventories reported in a.,
☑      above.

NAME AND ADDRESSES
OF CUSTODIAN
DATE OF INVENTORY                                    OF INVENTORY RECORDS

---

**21. Current Partners, Officers, Directors and Shareholders**

None  a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
☑      partnership.

NAME AND ADDRESS          NATURE OF INTEREST       PERCENTAGE OF INTEREST

None  b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or
☐      indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NATURE AND PERCENTAGE
NAME AND ADDRESS              TITLE             OF STOCK OWNERSHIP

See attached Exhibit "SOFA Exhibit No. 21 and 22b"

---

**22. Former partners, officers, directors and shareholders**

None  a.  If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately
☑      preceding the commencement of this case.

NAME                    ADDRESS                        DATE OF WITHDRAWAL

None  b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated
☐      within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS              TITLE             DATE OF TERMINATION

See attached Exhibit "SOFA Exhibit No. 21 and 22b"

---

**23.  Withdrawals from a partnership or distributions by a corporation**

None
☑

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

**24.  Tax Consolidation Group.**

None
☑

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

---

**25.  Pension Funds.**

None
☑

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

---

\* \* \* \* \* \*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____          Signature _____
                                       of Debtor

Date _____          Signature _____
                                       of Joint Debtor
                                       (if any)

---

*[If completed on behalf of a partnership or corporation]*

I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  1-25-2008          Signature _____

                         Steven Price, Chairman of the Board of Directors
                         Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

3 continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S. C. §§ 152 and 3571*

---

## DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____

Address

x_____          _____
Signature of Bankruptcy Petition Preparer                                    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

# SOFA Exhibit 4a

1)    **CAPTION**:  RBS Citizens, N.A. v. Constar International, Inc., NewStarcom Holdings, Inc., Port City Electric Company, and NSC Holdings, Inc.

      **NATURE OF PROCEEDING:**  Complaint to enforce terms and conditions of promissory notes

      **COURT:**  Norfolk Superior Court, Massachusetts

      **CASE NUMBER:** C.A. No. 07-02184

      **STATUS:**  NSC Holdings, Inc. has not yet been served with the complaint.

# SOFA EXHIBIT 21 & 22b

## NSC Holdings, Inc. Directors

| | |
|---|---|
| Chairman | Steven Price<br>2 Bethesda Metro Center, 14th Floor<br>Bethesda, MD 20814 |
| Director | Mark Fikse<br>2 Bethesda Metro Center, 14th Floor<br>Bethesda, MD 20814 |
| Director | Craig Moore<br>505 Fifth Street 26th Floor<br>New York, NY 10017 |
| Director | Gordon O'Brien<br>2 Bethesda Metro Center, 14th Floor<br>Bethesda, MD 20814 |
| Director | William Skibitsky<br>254 Lakeview Dr.<br>Sanford, NC 27332 |

## NSC Holdings, Inc. Officers

| | |
|---|---|
| CEO | William Skibitsky<br>254 Lakeview Dr.<br>Sanford, NC 27332 |
| President | William Skibitsky<br>254 Lakeview Dr.<br>Sanford, NC 27332 |
| VP & CFO | Steve Cumbow<br>7898 Afton Villa Ct<br>Boca Raton, FL 33433 |
| VP | Ron Barber<br>c/o Matco Electric<br>North 320 Jensen Road<br>Vestal, NY 13850 |

| | |
|---|---|
| Secretary | Larry Pantano<br>25 Tomi-Ann Terrace<br>Bridgewater, MA  02324 |
| Asst. Sec. | John Ruppert<br>c/o Perkins Coie<br>1899 Wynkoop Street, Suite 700<br>Denver, CO  80202 |
| Controller | Tom Anderson<br>16 Candlewood Dr.<br>Medway, MA  02053 |

**NSC Holdings, Inc. Former Officers**

| | |
|---|---|
| CEO | Dennis Dugan<br>24 Princeton Ct.<br>Basking Ridge, NJ  07920 |
| CFO | John Kearney<br>101 Bird St<br>Needham, MA 02492 |